Contracts/ judicial review; limitation of actions; economic duress; misrepresentation. — The Atomic Energy Commission awarded plaintiff a fixed-price contract for construction of a prototype of a component of a nuclear reactor facility, and when the contract was completed, it designated plaintiff as the supplier of the permanent model. The prime contractor (Kaiser Industries, Inc.) for the entire facility issued a purchase order to plaintiff for construction of a permanent model at a fixed price, the order containing Government-type changes and disputes clauses. Subsequently, Kaiser’s obligations under the order were assumed by AEG. Before the AEG Contract Adjustment Board seeking relief under Pub. L. 85-804, plaintiff claimed losses in performing the prototype contract on the ground that it had been induced to enter into the contract by misrepresentations that it would recover its losses on that contract on an award of a second contract for the permanent model, and in a second petition made several claims earlier presented to the Board of Contract Appeals. The Contract Adjustment Board denied the claims for insufficient evidence. Counts I and II of the petition in this court allege causes of action for reversal of the Contract Adjustment Board, for breach of contract and associated mis *854 representations, reformation, economic coercion, taking and unjust enrichment in connection with both contracts. Count II seeks reversal of a decision of the AEC Board of Contract Appeals that the work claimed to be extra and the product of changes was done in the course of work either voluntarily done to meet performance specifications or required to be done by the specifications, plaintiff claiming that the decision was erroneous in fact and law and constituted unjust enrichment and a taking in violation of the Fifth Amendment. In Count IV plaintiff alleges procedural error in that not all the Board members attended all the hearings. In a recommended decision filed June 21,1974 (reported in full at 20 CCF para. 83,145) Trial Judge David Schwartz concluded, in dismissing Count I, that a de novo trial was not necessary and that plaintiff merely relabeled claims for which full relief was available before the Board; that it is no bar to finality of decision that the disputes clause appears in a contract which when it was executed was a contract between private parties; that the work for which plaintiff seeks compensation was done voluntarily and that the Government’s approval was intended as acknowledgment of compliance with the specifications and not as an assumption of an obligation to pay extra for the cost of the work. As to Count IV, the trial judge concluded that there was no procedural error as alleged in this count since relevant regulations provide for replacement and absence of Board members. Respecting Counts I and III, Trial Judge Schwartz concluded that they are without merit. To the extent that Count I seeks judicial review, decisions under Pub. L. 85-804 are not reviewable; the count is barred by reason of plaintiff’s conduct and by the statute of limitations. Plaintiff was not justified, in the circumstances, in relying on any alleged promise; furthermore, assuming the assurance was made, the representation matured and the cause of action accrued when the purchase order was issued at a fixed price, and plaintiff could not remain silent, speculate on the profits to be made under the new contract and then when displeased with the results bring suit; and the count is barred by the statute of limitations, the petition having been filed more than 6 years after issuance of the purchase order. As to the economic coercion claim of Count III, the mere *855 fact that a contractor is in financial straits and accepts a reduction in price does not constitute duress. This case came before the court on plaintiff’s request for review by the court of the said decision, on motions for summary judgment and of the trial judge’s orders of July 8,1974, denying plaintiff’s motions for an order directing defendant to implement, perform and consummate the agreed settlement and for summary judgment, having been submitted on the briefs without oral argument of counsel. Upon consideration thereof, since the court agrees with the recommended decision and orders, by Order dated February 14, 1975 the court affirmed and adopted the decision as the basis for its judgment in this case, granted defendant’s motion for summary judgment on Counts I and III, denied plaintiff’s motion for summary judgment on Counts II and IV and granted defendant’s cross-motion, adopted and affirmed the trial judge’s orders of July 8,1974, and dismissed the petition.